UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

# CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ ______ Original Plan

☒ First Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ ______ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Olga Palma-Arias JOINT DEBTOR: ______ CASE NO.: 26-12875 PDR

SS#: xxx-xx- 7809 SS#: xxx-xx-______

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans must be served on all creditors as required by Local Rule 2002-1(b) and a certificate of service must be filed as required by Local Rule 9036-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☒ Included | ☐ Not included |
| Nonstandard provisions, set out in Section IX | ☐ Included | ☒ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $336.58 for months 1 to 36 ;

B. **DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

Total Fees: $5,975.00 Total Paid: $1,400.00 Balance Due: $4,575.00

Payable $302.92 /month (Months 1 to 15 )

Payable $31.20 /month (Months 16 to 16 )

Allowed fees under Local Rule 2016-1 are itemized below:
Safe harbor 5200+ Mt to Avoid Lien 775.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS ☐ NONE

A. **SECURED CLAIMS:** ☒ NONE

B. **VALUATION OF COLLATERAL:** ☒ NONE

C. **LIEN AVOIDANCE** ☐ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served on you under Fed. R. Bankr. P. 4003(d)(1) and 7004, as required by Local Rule 4003-2.

| | |
|---|---|
| 1. Creditor: Dove Investment Corp<br>Address: 601 N. Congress AVe, Ste 424<br>Delray Beach, FL 33445<br><br>Last 4 Digits of Account No.: 1497 | Collateral: sofa, end table, lamps, dinette table, 4 chairs, microwave, bedroom set, night tables, desk, chest, misc home decorations; 32" TV, phone, computer and monitor<br><br>Exemption: Personal property exemption |

**D. SURRENDER OF COLLATERAL:** ■ NONE

**E. DIRECT PAYMENTS** ■ NONE

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ☐ NONE

**A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

**B. INTERNAL REVENUE SERVICE:** ☐ NONE

Total Due: $829.51 Total Payment $829.51

Payable: $271.72 /month (Months 16 to 16 )

Payable: $302.92 /month (Months 17 to 17 )

Payable: $254.87 /month (Months 18 to 18 )

**C. DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

**D. OTHER:** ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

**A.** Pay $48.05 /month (Months 18 to 18 )

Pay $302.92 /month (Months 19 to 36 )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED: ■ NONE

**VI. STUDENT LOAN PROGRAM** ■ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ■ NONE

**VIII. INCOME TAX RETURNS AND REFUNDS:**

■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 11 U.S.C. §521(f)(1)-(f)(4) on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the chapter 13 trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) will provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami Division cases]

**IX. NON-STANDARD PLAN PROVISIONS** ■ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| Olga Palma-Arias | | | |

s/ Samir Masri — August 19, 2026 (Date)

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

[1]This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.